IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 20, 2011 Session

## GUY ALEXANDER, JR., AS SURVIVING SPOUSE OF JULIE ANNE ALEXANDER, DECEASED v. CITY OF MURFREESBORO

**Appeal from the Circuit Court for Rutherford County**
**No. 52158     J. Mark Rogers, Judge**

**No. M2010-00367-COA-R3-CV - Filed March 14, 2011**

Julie Alexander died in an automobile accident on South Rutherford Boulevard in Murfreesboro. Her husband sued the city, claiming that the road was unsafe or dangerous and that the city had notice of the condition of the road. After a trial, the trial court found that the city did not have notice and that the road was not unsafe or dangerous. Ms. Alexander's husband appealed. We affirm the trial court's decision that the city had no notice of the condition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

William Gary Blackburn and Malcolm Leonard McCune, Nashville, Tennessee, for the appellant, Guy Alexander, Jr.

Richard Rucker, Murfreesboro, Tennessee, for the appellee, City of Murfreesboro.

### OPINION

BACKGROUND

On October 12, 2004, around dawn, Julie Alexander was traveling on South Rutherford Boulevard in Murfreesboro toward Church Street. It had been raining. After she passed the Southern Container Company entrance, but before she reached the railroad tracks, she lost control of her 1995 Honda Civic on a curve. The vehicle crossed into the lane of oncoming traffic and was hit on the passenger side by a 1997 Ford Taurus driven by Makeya Gaines. Unfortunately, Ms. Alexander sustained fatal injuries.

Guy Alexander, Julie Alexander's husband, filed suit against the City of Murfreesboro under the Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101 *et seq*. He claimed that the city had notice that the roadway was dangerous and unsafe and failed to properly maintain it.

After extensive discovery, a trial was held August 4 and 5, 2009, and October 15, 2009. The trial court found that Alexander had failed to establish that the city had actual or constructive notice of a defective, unsafe or dangerous condition of the road and that Alexander had failed to prove the existence of a defective, unsafe or dangerous condition. Alexander appealed.

STANDARD OF REVIEW

This court reviews the findings of fact of the trial court de novo with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). "[F]or the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect." *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001). The trial court's conclusions of law are reviewed de novo without a presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

ANALYSIS

The Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101 *et seq*., governs actions against cities and counties. The act removes immunity for a specified list of situations. Here, the appellant argues that Tenn. Code Ann. § 29-20-203(a) applies:

> Immunity from suit of a governmental entity is removed for any injury caused by a defective, unsafe, or dangerous condition of any street, alley, sidewalk or highway, owned and controlled by such governmental entity. "Street" or "highway" includes traffic control devices thereon.

The removal of immunity, however, applies only where the governmental entity, in this case the City of Murfreesboro, had "constructive and/or actual notice" of the alleged condition. Tenn. Code Ann. § 29-20-203(b). Actual notice has been defined as "knowledge of facts and circumstances sufficiently pertinent in character to enable reasonably cautious and prudent persons to investigate and ascertain as to the ultimate facts." *Kirby v. Macon County*, 892 S.W.2d 403, 409 (Tenn. 1994) (citing *Texas Co. v. Aycock*, 227 S.W.2d 41, 46 (Tenn. 1950)). Constructive notice is defined as "information or knowledge of a fact imputed by law to a

person (although he may not actually have it), because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it." *Id*. (quoting BLACK'S LAW DICTIONARY 1062 (6th ed. 1990)).

The trial court found that "Plaintiff failed to establish the City of Murfreesboro had constructive and/or actual notice of the condition." Alexander sought to prove actual or constructive notice by showing the following:

1. No formal inspection of South Rutherford Boulevard was conducted between its annexation in 1996 and the Alexander accident on October 12, 2004 because the persons responsible for road inspections did not know that the road had been annexed into the city.

2. There had been at least 20 accidents on South Rutherford in the five years before the Alexander accident and others that had been unreported due to the lack of property damage. Eighty-six percent (86%) of these accidents occurred when the pavement was wet.

3. City employees routinely replaced gravel along the curve that had been displaced by vehicles running off the edge of the roadway.

4. A visual inspection of the road by Alexander's expert witness revealed that the fog lines were mostly worn away. Furthermore, the road exhibited a shine characteristic of polishing and was smooth to the touch, another sign of polishing. These characteristics were there for anyone to see.

5. In the summer of 2004, the Southern Container Company installed a turn lane for its entrance on South Rutherford. This project required repaving of the road in front of the Southern Container property. The repaving terminated within the curve, such that one traveling toward the railroad tracks on South Rutherford left the newly paved portion for the older, polished portion in the curve. The city approved the plans for the project and accepted the finished work. The change in road surface was there to be seen.

The City attempted to rebut the plaintiff's evidence with testimony establishing the following:

1. While no formal inspection of the road occurred, city employees had frequently driven the road and observed no issues with the road itself. When the roadside gravel issues were seen, they were addressed. Furthermore, the road surface was only seven years old with an expected life span of ten to fifteen years. There is no standard for requiring formal inspections in the early life of an asphalt surface. No complaints about the road were made by any citizens prior to the Alexander accident.

2. The previous accidents were all over South Rutherford. Furthermore, over fifteen thousand vehicles traveled the road each day. The number of accidents is therefore small and no more than should be expected.

3. City employees who replaced the gravel saw no evidence of polishing or other road defects. They assumed the cars went off the roadway due to driver error.

4. The fog lines were visible. Visual and hand inspection of the road is not sufficient to establish the road is defective and dangerous due to polish. No city employee saw any signs of road defects.

5. Again, no road defects were observed. Fifteen thousand cars traveled the road every weekday. There were no more accidents than one would expect on such a heavily traveled road.

As to notice, the appropriate inquiry is what did the City know, or what should it have known, about the condition of the South Rutherford Boulevard on October 12, 2004, the date of the Alexander accident. In *Bivins v. City of Murfreesboro*, No. M2009-01590-COA-R3-CV, 2010 WL 2730599, at *3 (Tenn. Ct. App. July 9, 2010), a case involving a later accident on the same road, this court found that, on the date of the Bivins accident, July 5, 2005,

> [t]he city knew that there had been over 20 reported accidents on South Rutherford in the last three years. The city knew that most of these accidents occurred when the pavement was wet, that the accidents occurred in both directions, and that two accidents had been fatal within the city limits. When it rained, police officers were ordered to show a presence on South Rutherford to slow down traffic between Church and Broad Street. The city knew of the newer pavement at the location of the Southern Container driveway, which was in the middle of much older pavement along South Rutherford. Perhaps most importantly, in June 2005 the city received a report from Wiser indicating that super elevation was lacking "throughout Rutherford Boulevard" and that the road was not adequately super elevated according to AASHTO design guidelines.

Based on the totality of the circumstances, this court found that "on and before July 5, 2005, the city had notice of the conditions that created safety problems on South Rutherford." *Id.* at *4.

Only a portion of the circumstances deemed significant in *Bivins* are present in the instant case, which occurred nine months earlier. Thus, this matter presents a much closer

-4-

call. Before the Alexander accident, there had been no fatal accidents, no study of the road, and no expressed concerns or extra efforts by the police regarding this road.

This case is a prime example of a well-tried battle of experts and conflicting witnesses. We recognize the profound loss experienced by Ms. Alexander's family and friends. We have reviewed the record with care and cannot say that the evidence preponderates against the trial judge's decision. Therefore, we affirm the trial court's decision that the City of Murfreesboro did not have actual or constructive notice of the condition of the road. Consequently, we need not examine whether the road was dangerous or unsafe.

Costs of appeal are assessed against the appellant, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE